Rohner Gehrig & Co., Inc. *v.* United States

**No. 5467.**—Invoice dated Baden, Switzerland, September 19, 1939.
Certified September 20, 1939.
Entered at New York October 11, 1939.
Entry No. 737571.

(Decided October 16, 1941)

*Brooks & Brooks* (*Frederick W. Brooks* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of merchandise invoiced as "1 exhaust supercharging blower type VTX 350 * * * with accessories." It was exported from Switzerland in September, 1939, and entered at the port of New York on October 11, 1939. It was entered at the invoice price of $2,172 plus packing and plus a duress addition of $960 for a "fee of Dr. Buchi."

It appears that the question of the dutiability of Dr. Buchi's fee in a similar case was passed upon by this court in Reap. Dec. 4629, and the conclusion there reached was affirmed by the Third Division of this court in Reap. Dec. 4923. Nevertheless, the record in that case was not incorporated herein. The following extract from the brief of counsel for the Government apparently explains why the question is again before the court:

After the trial and decision in the previous test case (Reappt. Decisions 4629 and 4923), the Government discovered new evidence not previously presented to the court, relating to the purchase and sale of such superchargers, all of which was introduced at the instant trial. The record in the previous case was not moved in evidence herein, and is not before the court.

A very careful examination of the evidence submitted, which is largely in documentary form, and a consideration of the record as a whole, fairly establishes these facts:

(1) This blower or supercharger, after the receipt of the order therefor, was manufactured by Brown, Boveri & Co, under their own patent rights.

(2) The purpose or use of the blower is for attachment to a Diesel engine to increase the horsepower output of the engine.

(3) Dr. Alfred J. Buchi, a consultant engineer of Winterthur, Switzerland, has developed and patented a process or system that, when used on a Diesel engine in conjunction with a proper supercharger or blower, will increase the horsepower output of the engine. This system embodies a method of operation of the engine itself, and certain changes and adjustments must be made in the engine to effect the desired results.

(4) After Dr. Buchi studies the design of the particular Diesel engine involved, he makes such recommendations for changes and adjustments in the engine as will convert it and make applicable thereto his method of operation. He also notifies the manufacturer of the blower how much air must be supplied by the blower in order to obtain the desired maximum horsepower output. The manufacturer is governed accordingly, attaching to the blower the proper-sized wheel to supply the specified quantity of air.

(5) For his services Dr. Buchi charges a fee based upon the increased horsepower output of the engine. This fee also includes the right of the purchaser to use the Buchi method of operating a Diesel engine.

In the brief filed by counsel for the Government herein the issue presented is thus stated:

\* \* \* and the sole question before the court is whether the amount of a fee paid to the owner of the patent controlling the *use* of this article, is properly included in the statutory export value thereof. No question of foreign value is involved.

Also the following observation:

This supercharger was specially manufactured for use of the Buchi patented system, and the freely offered price of *such* superchargers was Brown, Boveri & Co.'s price for a standard unit of the same size, *plus Dr. Buchi's fee* which is, in fact, a *royalty*. [Italics quoted]

But in his affidavit (exhibit 2) Dr. Buchi thus explains his fee:

As compensation for these engineering services, I charge a fee, which varies with the increase in output guaranteed and obtained.

It will be evident from this description that it is not necessary to obtain my services for getting results with supercharging units. My system, however, enables the Diesel builder who wishes to apply it, to better the results obtained.

When I am approached by, or make contacts with, builders of Diesel engines for the purpose of giving engineering advice on the possible improvements to their engines, I recommend that they obtain supercharging blowers from Brown, Boveri & Co., Ltd., of Baden, Switzerland, because I believe that their design of supercharging blowers obtains the best results, without any obligation however on the part of such Diesel engine builders to follow my advice. In the majority of cases such Diesel builders find it to their advantage to engage my services and to buy the supercharging units from Brown, Boveri & Co., Ltd.

It is wholly immaterial what Dr. Buchi's charge for such services is called. The fact remains that it is a fee exacted for professional services in giving advice and *permitting the use of his system of operating a Diesel engine*. Certainly, it forms no part of the value of the instant supercharger. The only relation said supercharger has to Dr. Buchi's system is that certain adjustments, not affecting the price of the supercharger, have been made during its manufacture to insure attaining the desired result; and further, this supercharger was ordered and delivered for intended use on a Diesel engine operated in accordance with the Buchi system. But the use of such supercharger is not necessarily limited to Diesel engines operating under the Buchi system. However, when used on Diesel engines operating under other systems, the efficiency horsepower output obtained would probably be reduced.

In his report (exhibit 3), the Treasury representative who investigated the business of the manufacturer, states:

There is nothing in the contract between the manufacturer and the Buchi Syndicate or in the agreement between the manufacturer and Dr. Buchi, to prohibit the manufacturer from selling superchargers to purchasers in the United States or elsewhere, without regard to the use of the Buchi system of installation. The United States purchaser may or may not *use the Buchi system of installation*. If he *uses the system*, he pays the fees for the right to use it, direct to Dr. Buchi, or to Dr. Buchi, through Brown, Boveri & Co. [Italics mine.]

I therefore conclude, as a matter of law, that the fee charged by Dr. Buchi is not a part of the export value of the involved merchandise.

Consequently I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 to be the proper basis for the determination of the value of the merchandise involved herein, and that such value is the invoiced unit price, plus packing as invoiced. Judgment will be rendered accordingly.